Matthew L. Lalli (6105)
Email: mlalli@swlaw.com
Ben. T. Welch (13397)
Email: bwelch@swlaw.com
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

*Attorney for Colorado Casualty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| STAKER & PARSON COMPANIES, INC., d/b/a WESTERN ROCK PRODUCTS, a Utah corporation<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation; COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation; HANCOCK-LEAVITT INSURANCE AGENCY, INC., an Arizona corporation; DOE INDIVIDUALS 1-10, unknown individuals; and ROE ENTITIES 1-10 unknown entities,<br><br>Defendants. | **CASE NO.:  4:18-cv-00014-DN**<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>*****JURY DEMANDED***** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b)(3), Defendant Colorado Casualty Insurance Company ("CCIC") hereby removes this action from the Fifth Judicial District Court, Washington County, State of Utah, where it is now pending, to the United States District Court for the District of Utah. This Court has jurisdiction over this action under 28 U.S.C. § 1332. In support of this removal, CCIC states as follows:

1

4833-7029-6161

## JURISDICTION

1. Under 28 U.S.C. §1441(a), a defendant in a civil action has a statutory right to remove a case from state court to the federal district court where that case could have originally been filed.

2. Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between "citizens of different states." 28 U.S.C. §1332(a).

3. Removal is proper in this case because the amount in controversy exceeds the jurisdictional amount and there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

4. Both the initial and amended complaint allege damages to qualify for "Tier 3" status under the Utah R. Civ. P. 26(c)(3), which indicates that the amount of damages being claimed by Plaintiff is $300,000 or more. *See* Utah R. Civ. P. 8(a) and 26(c)(3).

5. Additionally, Plaintiff also alleges that in the underlying suit the jury returned a verdict for damages in the amount of $2,550,000 and apportioned 60% to Plaintiff (60% of $2,550,000 is $1,530,000). Because Plaintiff alleges that CCIC had a duty to indemnify Plaintiff,[1] Plaintiff is seeking damages at minimum for the amount apportioned to it at trial ($1,530,000), which exceeds $75,000.

6. Wherefore the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional threshold.

---

[1] Plaintiff's Fourth Cause of Action—Declaratory Relief—seeks judgment that CCIC and Scottsdale should have defended and indemnified Plaintiff in the underlying lawsuit. *See* First Amend. Compl. at ¶¶ 94-100.

## CITIZENSHIP OF THE PARTIES

7.  Plaintiff served an initial complaint on CCIC on or about January 23, 2018. Plaintiff served an amended complaint on CCIC or about January 31, 2018.

8.  Under both the initial complaint and amended complaint, Plaintiff alleged that it was a Utah corporation. Wherefore, Plaintiff would be deemed a citizen of Utah for purposes of removal. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is deemed a citizen in two places: (1) the state where it is incorporated, and (2) the state where it has its "principal place of business").

9.  With regard to Scottsdale Insurance Company ("Scottsdale"), Plaintiff alleged that it was a citizen of Ohio that transacted business in Utah. *See* First Amend. Compl. at ¶ 2. Plaintiff did not allege that Scottsdale's principal place of business or nerve center was in Utah. Wherefore, Scottsdale would be deemed a citizen of Ohio for purposes of removal. *See* 28 U.S.C. § 1332(c)(1).

10. With regard to CCIC, Plaintiff alleged that it was a citizen of New Hampshire that transacts business in Utah. *See* First Amend. Compl. at ¶ 4. Plaintiff did not allege that CCIC's principal place of business or nerve center was in Utah. Wherefore, CCIC would be deemed a citizen of New Hampshire for purposes of removal. *See* 28 U.S.C. § 1332(c)(1).

11. With regard to Hancock-Leavitt Insurance Agency ("Hancock-Leavitt"), Plaintiff alleged that it was "an Arizona corporation that transacts business in the State of Utah and ***maintains its corporate offices in the State of Utah.***" *Id.* at ¶ 6 (emphasis added). Based on these allegations, Hancock-Leavitt would be deemed a citizen of Arizona *and* Utah for purposes of removal. Although Hancock-Leavitt is allegedly incorporated in Arizona, Plaintiff alleged that its corporate offices or "nerve center" was in Utah. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (for purposes of removal a corporation's "principal place of business" is defined as the

corporation's nerve center is generally where it maintains its headquarters or the place "where a corporation's officers direct, control, and coordinate the corporation's activities").

12. Based on these pleadings, Plaintiff and co-defendant Hancock-Leavitt both appeared to be citizens of Utah and therefore complete diversity was lacking. Wherefore, when CCIC filed its answer on March 9, there did not appear to be a basis for removal. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035–36 (10th Cir. 1998) (right to removal must be "clear and unequivocal notice from the pleading itself," there is no duty to investigate to determine removability "where the initial pleading indicates that the right to remove *may* exist) (emphasis added); *see also Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) (citing *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("the grounds for removal must be apparent within the four corners of the initial pleading or subsequent paper") (internal alterations omitted)).

13. The first indication that this action was removable occurred on March 15 when Hancock-Leavitt filed a motion to dismiss for lack of personal jurisdiction (the "Motion") in which Hancock-Leavitt explained that it did not have any employees, agents, or offices in Utah, and that its "principal place of business" was in Taylor, Arizona. *See* Motion at ¶¶ 1-2. In other words, Hancock-Leavitt alleged in the Motion that its nerve center was in Arizona, not Utah. As such, Hancock-Leavitt was not a citizen of Utah and there was now complete diversity.

14. 28 U.S.C. 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

15. These criteria are met here. Plaintiff's initial pleadings suggested that complete diversity was lacking. It was not until Hancock-Leavitt filed its Motion on March 15, clarifying its contacts with Utah, that CCIC was able to ascertain that the case was removable. Wherefore,

the thirty-day clock for CCIC to seek removal did not start until March 15. Thirty days have not yet elapsed, and therefore CCIC's Notice of Removal is timely.

## REMOVAL IS PROPER

16. The criteria for removal have been met. The amount in controversy exceeds the jurisdictional amount, and there is complete diversity of citizenship.

17. This Notice of Removal is timely because it was filed within thirty days after receipt of the Motion, which was the first paper from which CCIC could ascertain that the case was removable. *See* 28 U.S.C. 1446(b)(3); Fed. R. Civ. P. 6(a)(1). Further, this Notice is timely in that it is filed within one year after commencement of the action. *See* 28 USC §1446(c).

18. All Defendants have expressly consented to removal. *See* Consent(s) to Removal, attached hereto as **Exhibit 1**.

19. Hancock-Leavitt's Motion is still pending in state court. By consenting to removal, Hancock-Leavitt does not waive its objections to personal jurisdiction; rather it requests that its pending Motion should be decided now by this Court.

20. Pursuant to statute, written notice of removal will be served on all other parties. CCIC will also file a Notice of Removed Action in the Fifth Judicial District Court of Washington County, State of Utah, a copy of which is attached as **Exhibit 2**. *See* 28 USC §1446(d).

21. CCIC has attached as exhibits to this Notice of Removal a copy of all process, orders, papers, and pleadings served upon it in the Fifth Judicial District Court of Washington County, State of Utah, and incorporate the same by reference. These include:

    a. Summons, attached as **Exhibit 3.**

    b. Complaint, attached as **Exhibit 4.**

    c. First Amended Complaint and Jury Demand, attached as **Exhibit 5.**

   d. Answer and Amended Answer of Scottsdale Insurance Company, attached as **Exhibit 6.**

   e. Answer of CCIC, attached as **Exhibit 7.**

   f. Hancock Leavitt's Motion to Dismiss, attached as **Exhibit 8.**

   g. Plaintiff's Memorandum Opposing Motion to Dismiss and exhibits, attached as **Exhibit 9.**

   h. Plaintiff's Motion for Jurisdictional Discovery, attached as **Exhibit 10.**

22. CCIC reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, this case is and should be removed to the United States District Court for the District of Utah, Central Division. The Fifth Judicial District Court of Washington County, State of Utah, shall accordingly proceed no further in this action.

DATED this 16th day of April, 2018.

               SNELL & WILMER L.L.P.

               */s/ Ben T. Welch*
               Matthew L. Lalli
               Ben T. Welch
               *Attorneys for Colorado Casualty Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this April 16, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action. Additionally, Plaintiff was also served through its attorney of record at the following email address:

Shane W. Clayton
Elijah L. Milne
DURHAM JONES & PINEGAR, P.C.
192 East 200 North, Third Floor
St. George, Utah 84770
sclayton@djplaw.com
emilne@djplaw.com

Mark L. Anderson
Timothy J. Curtis
GOEBEL ANDERSON PC
405 South Main, Suite 200
Salt Lake City, Utah 84111
manderson@gapclaw.com
tcurtis@gapclaw.com

Matthew Evans
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
mevans@rqn.com

*/s/ Ben T. Welch*