# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STAKER & PARSON COMPANIES, INC., d/b/a WESTERN ROCK PRODUCTS, a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation; COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation; and HANCOCK-LEAVITT INSURANCE AGENCY, INC., an Arizona corporation; DOE INDIVIDUALS 1-10, unknown individuals; and ROE ENTITIES 1-10, unknown entities.<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case no. 4:18-cv-00014-DN-DBP<br><br>District Judge David Nuffer |

Defendant Hancock-Leavitt Insurance Agency, Inc. ("Hancock-Leavitt") filed a Motion to Dismiss[1] all claims asserted against it in this case by Plaintiff Staker & Parson Companies, Inc. d/b/a Western Rock Products ("Plaintiff") for lack of personal jurisdiction. A hearing on the motion was held on June 15, 2018.[2] Plaintiff was represented by counsel, Elijah Milne, and Hancock-Leavitt was represented by counsel, Matthew N. Evans.

## Preliminary Factual Findings

Based upon the papers filed by the parties, oral argument and good cause, the following findings are entered only for purposes of Hancock-Leavitt's Motion to Dismiss:

---

[1] Docket no. 17, filed Apr. 20, 2018.

[2] Minute entry for Proceedings Held Before Judge David Nuffer, docket no. 52, filed June 15, 2018.

Hancock-Leavitt is engaged in the business of procuring insurance for businesses and individuals. Blake Reidhead Inc. ("BDR"), an Arizona corporation doing business in Arizona, contracted with Hancock-Leavitt for some insurance policies for its business. BDR procured two policies from Hancock-Leavitt, a general automobile coverage and a general commercial liability policy. Colorado Casualty Insurance Company issued the commercial general liability policy, and the commercial auto coverage policy was issued from Scottsdale Insurance Company through Colonial General Insurance Agency.

For both policies, the underlying workplace accident that gave rise to the disputed insurance coverage that forms the basis of this action occurred in Arizona and involved an Arizona resident.

Hancock-Leavitt keeps its business records in its office in Taylor, Arizona. It has two bank accounts that are located in the Snowflake, Arizona branch of the National Bank of Arizona. Hancock-Leavitt does not own any assets, property, real estate, or equipment outside of Arizona. Hancock-Leavitt itself is owned by Monti Hancock, a 40% shareholder and resident of Arizona, and by the Leavitt Group, Inc., which owns the other 60%. The Leavitt Group is a Nevada corporation that has its offices in Cedar City, Utah.

Monti Hancock is the producer and agent for Hancock-Leavitt. He is the only employee, board member, or owner with a key man life insurance policy. He directs the Hancock-Leavitt day-to-day operations. Hancock-Leavitt's other corporate officers are located in Cedar City, Utah, and they attend annual meetings via telephone from Utah and have on rare occasion been to Hancock-Leavitt's Arizona offices. The day-to-day operations of Hancock-Leavitt are left up to Monti Hancock. Hancock-Leavitt is registered to do business in Utah, has appointed a registered agent in Utah, and has an active insurance license in Utah. However, well over 95% of

Hancock-Leavitt's accounts are located in Arizona. Hancock-Leavitt has only three to five currently insured clients who are located in Utah. Those clients were in Arizona or other states when their first policy was issued but later moved to Utah.

Hancock-Leavitt purchases many services from the Leavitt Group in Utah including IT services, tax preparation services, billing services, sales training, legal services. But Monti Hancock is the decision-maker as to these services being purchased or discontinued. The Leavitt Group monitors and reviews Hancock-Leavitt's financial results, budgets, capital purchases, and monthly reports. But nearly all of the revenue generated from insurance customers occurs in Arizona. The day-to-day decision-making on hiring and firing employees and spending money also occurs in the Taylor, Arizona branch through Monti Hancock. Hancock-Leavitt is an agency that serves the Taylor, Heber, and Snowflake area of Arizona. That is where most of its customers are located. Hancock-Leavitt does not advertise in Utah.

The bylaws of Hancock-Leavitt specify that any corporate meetings are concerned they would take place in Taylor, Arizona, or via telephone. Monti Hancock has always been in Arizona for those meetings.

### Conclusions of Law for the Motion

Based upon these findings, the following conclusions of law are entered:

### General Personal Jurisdiction

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systemic' as to render them essentially at home in the forum state."[3] For a corporation's domicile for purposes of this analysis, it is the place where it is incorporated, or the

---

[3] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

principal place of business.[4] The principal place of business of Hancock-Leavitt is in Arizona and the place of its incorporation is in Arizona.

While the paradigm forums in which a corporate defendant is at home are the corporation's place of incorporation and its principal place of business, the exercise of general jurisdiction is not completely limited to those forums.[5] In exceptional cases, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that state.[6] However, this is not one of those exceptional cases. Hancock-Leavitt's affiliations with Utah are insufficient to render it essentially at home in Utah. Hancock-Leavitt's affiliations with Utah are ancillary to its business operations and activities, which are directed from its Taylor, Arizona office by Monti Hancock and overwhelmingly occur in Arizona. Plaintiff has failed to demonstrate that Utah has general personal jurisdiction over Hancock-Leavitt.

**Specific Personal Jurisdiction**

As to the issue of whether Utah has specific personal jurisdiction over Hancock-Leavitt, the test is whether there were sufficient acts related to the cause of action by which the defendant purposely availed itself of the privilege of conducting activities in the forum state.[7] This analysis "focuses on the relationship among the defendant, the forum and the litigation."[8] Relationships with a plaintiff or third parties, standing alone, are an insufficient basis for specific jurisdiction.[9] "[T]here must be an affiliation between the forum and the underlying controversy, principally,

---

[4] *Id*. at 137.

[5] *Id*. at 137-38.

[6] *Id*.

[7] Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 924 (2011).

[8] *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014).

[9] *Id*. at 1123.

activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."[10]

Hancock-Leavitt's affiliations with Utah are unrelated to the alleged injury under the facts of this case. Hancock-Leavitt has affiliations with Utah, primarily through the services it purchases from the Leavitt Group and Hancock-Leavitt's Utah clients. These affiliations are unrelated to Plaintiff's alleged injury. The procurement contract that lead to the insurance policies was with BDR, an Arizona corporation doing business in Arizona. BDR is not one of Hancock-Leavitt's Utah clients. The procurement contract did not involve Plaintiff. Hancock-Leavitt's affiliations with Utah are random, fortuitous, or attenuated compared with the presence of Hancock-Leavitt in Arizona and the general management of all activities by Hancock-Leavitt pertaining to this case in Arizona. Hancock-Leavitt did not purposely direct at Utah case-related conduct out of which Plaintiff's alleged injury or cause of action arose. Plaintiff has failed to demonstrate that Utah has specific personal jurisdiction over Hancock-Leavitt in this case.

**Conclusion**

Therefore, Utah lacks personal jurisdiction over Hancock-Leavitt.

---

[10] Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S.Ct. 1773, 1781 (2017).

## ORDER

IT IS HEREBY ORDERED that Hancock-Leavitt's Motion to Dismiss[11] is GRANTED. All of Plaintiff's claims asserted against Hancock-Leavitt in this case are DISMISSED without prejudice to Plaintiff's right to refile such claims against Hancock-Leavitt in a forum where personal jurisdiction exists.

Signed this 25th day of July, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[11] Docket no. 17, filed Apr. 20, 2018.